# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MIA M. DAUGHERTY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 4:14CV1507HEA |
| AAA AUTO CLUB OF MISSOURI, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and to Compel Arbitration [Doc. No. 11]. For the reasons set forth below, Defendant's motion is granted.

### Facts and Background

The present dispute concerns Plaintiff Mia M. Daugherty's former employment with Defendant. Plaintiff was hired as a Member Representative (I) in Defendant's Communications Center on April 9, 2012. In September, 2013, Defendant instituted a mutual Arbitration Policy, by which its employees agreed to submit to binding arbitration of any employment related legal dispute. A "Rollout Memorandum" dated August 28, 2013, set out the arbitration details and specifically informed Defendant's employees that any legal action was to be submitted to binding arbitration in lieu of in a court of law. Plaintiff signed the

arbitration agreement electronically on September 19, 2013. This agreement included a mandatory arbitration provision, which provided, in relevant part:

> You acknowledge and agree that: (1) you have read and understand the terms and consequences of this Arbitration Agreement; (2) you have been given the opportunity to discuss this Arbitration Agreement with your own private legal counsel at your own expense and have done so to the extent that you wished to; and, (3) in consideration of your employment, or continued employment, you are knowingly and voluntarily entering into, and agreeing to accept all of the terms, conditions and benefits of this Arbitration Agreement without any duress or undue influence.
>
> \* \* \* \* \* \*
>
> . . . may be executed in counterparts, signed by an electronic or facsimile signature, and delivered electronically; each of the counterparts constitutes an original agreement and all of them together constitute one agreement. The parties have read this Arbitration Agreement and hereby voluntarily and knowingly agree to and accept all of its terms, conditions, and benefits.
>
> \* \* \* \* \* \* \*
>
> This Mutual and Binding Arbitration Agreement ("Arbitration Agreement") requires you and [ACMO] to resolve through final and binding arbitration any and all disputes and claims between you and [ACMO], including, but not limited to, claims arising out of, related to, or connected with your employment or its termination.
> . . . .
> "Arbitrable Claims" means all claims of any nature or kind arising out of, relating to, or connected with this Arbitration Agreement or your employment with [ACMO], including, but not limited to, your application for employment, the hiring decision, your employment relationship or the termination of your employment, between you and [ACMO] and/or any of its employees, agents, officers, or directors, . . .

> Arbitrable Claims include, but are not limited to, any and
> all claims based on any federal or state constitution, statute,
> regulation, or ordinance or common law, including, but
> not limited to, claims for (1) wrongful termination of employment,
> harassment, employment discrimination or retaliation under
> Title VII of the Civil Rights Act of 1964, the Americans with
> Disabilities Act, the Age Discrimination in Employment Act,
> or any state or local discrimination laws such as the . . . Missouri
> Human Rights Act, . . . ; (2) claims for fraud, breach of contract or
> covenant (express or implied), unpaid wages and related claims,
> defamation, emotional distress, or any other tort claims; (3) claims
> for misappropriation of trade secrets or unfair competition; and,
> (4) any other legal claims, causes or actions recognized by local,
> state or federal law, regulations or ordinances, or federal or state
> constitutional provisions.

After Defendant terminated Plaintiff's employment, Plaintiff filed this suit, claiming employment discrimination based on her race and gender. Plaintiff seeks recovery for a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## Discussion

Defendant contends that the arbitration agreement is enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* and requires dismissal and an order compelling arbitration. "A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir.2001); *see also Houlihan v. Offerman & Co., Inc.,* 31 F.3d 692, 695 (8th Cir.1994) ("A federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration

3

agreement."). An arbitration agreement "is valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Houlihan,* 31 F.3d at 695 (quoting 9 U.S.C. § 2). In addition, because the FAA declares "a liberal federal policy favoring arbitration agreements, ... as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983); *see also Lyster,* 239 F.3d at 945.

Plaintiff, acting *pro se*, has responded to the Motion, arguing that the clause in the arbitration agreement excluding worker's compensation claims precludes dismissal. Plaintiff asserts that she has an ongoing worker's compensation claim with Defendant that was denied by Defendant, and that the denial of her medical treatment is included in the worker's compensation part of her lawsuit. As such, Plaintiff argues that this case is an "excluded claim." Plaintiff's argument that her action is an excluded claim is without merit. Worker's Compensation actions are separate and distinct from this Civil Rights action, and must be raised in the state courts. Indeed, Plaintiff herself indicates that she has already filed a worker's compensation claim in a different venue. Plaintiff does not challenge the validity or scope of the agreement to arbitrate. Absent any allegations by Plaintiff to the contrary, there is no reason to think that the Arbitration Agreement, signed by Plaintiff, is anything other than a valid employment contract.

Furthermore, under the plain language of that agreement, the present litigation falls within the stated scope of the arbitration agreement. Consequently, Plaintiff's claim that the arbitration provision should not be given effect because her lawsuit includes a worker's compensation claim is squarely contradicted by controlling precedent. Plaintiff's claims fall within the scope of a valid arbitration agreement.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, stay proceedings and compel arbitration [Doc. No. 11] is granted. The Court will therefore close this case pending resolution of the arbitration, subject to being reopened if either party files a motion to seek judicial review pursuant to 9 U.S.C. § 3.

Accordingly,

**IT IS HEREBY ORDERED** that this case be statistically closed, subject to being reopened by the parties for judicial review following resolution of the pending arbitration.

Dated this 13th day of May, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE