UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIA M. DAUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14CV1507-HEA |
| | ) |
| AAA AUTO CLUB OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Confirm the Final Arbitration Award, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, *et seq.*, [Doc. No. 28] and Plaintiff's Motion for Reconsideration, [Doc. No. 26]. For the reasons set forth below Defendant's Motion is granted and Plaintiff's Motion is denied.

On September 2, 2014, Plaintiff filed her employment discrimination complaint in this Court, alleging race and gender discrimination, harassment and retaliation.

On September 30, 2014, Defendant filed a motion to compel arbitration and dismiss this action.

The Court granted Defendant's motion on May 13, 2015, after finding Plaintiff's claims were within the stated scope of the arbitration agreement. The Court statistically closed the cause of action and referred it to arbitration.

On December 16, 2015, Plaintiff filed her Demand for Arbitration before JAMS. The parties jointly selected attorney Cecilia H. Morgan as the sole arbitrator.

An evidentiary hearing convened on September 21, 2016 and on October 7, 2016, Ms. Morgan submitted a Final Award intended by the parties to be "final and binding upon … [them] … and … the exclusive remedy for all Arbitrable Claims."

The court accords a final arbitration award an "extraordinary level of deference" and is not authorized to review the merits of the award even when parties allege that the award rests on serious error. *Stark v. Sandberg, Phoenix & von Gontard, P.C.,* 381 F.3d 793, 798 (8th Cir.2004). The court may not substitute judicial resolution of disputed issues for an arbitrator's decision. *United Paperworkers Int'l Union AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 40 n. 10 (1987); *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC,* 319 F.3d 1060, 1064 (8th Cir.2003). Once parties submit a dispute to arbitration, the merits of the resulting arbitration award simply are not within the purview of the court. *Gas Aggregation,* 319 F.3d at 1064. The court must confirm an award so long as an

arbitrator "even arguably" construes or applies the underlying contract. *Stark,* 381 F.3d at 798.

Pursuant to the FAA, the court may vacate an arbitration award if (1) the award was procured by corruption or fraud, (2) there is a showing of evident partiality or corruption by the arbitrators, (3) the arbitrators engaged in misconduct or (4) the arbitrators exceeded their authority. *See* 9 U.S.C. § 10(a)(1)-(4); *Hoffman v. Cargill Inc.,* 236 F.3d 458, 461 (8th Cir.2001). Additionally, three judicially recognized grounds for vacating an arbitration award also exist. First, a court may set aside an award that is "completely irrational." *Hoffman,* 236 F.3d at 461 (internal quotations omitted). Second, a court may set aside an award that "evidences a manifest disregard of the law."[5] *Id.* (internal quotations omitted). Third, a court may vacate an arbitration award that expressly conflicts with a "well defined and dominant" public policy. *Misco,* 484 U.S. at 43 (quoting *W.R. Grace & Co. v. Local Union 759,* 461 U.S. 757, 766 (1983)); *PaineWebber, Inc. v. Agron,* 49 F.3d 347, 350 (8th Cir.1995). If vacating an arbitration award is warranted, the court must vacate the award in its entirety. *Stark,* 381 F.3d at 799.

Plaintiff has presented no evidence of any of the exceptions to sustaining the award, rather, she merely argues her dissatisfaction and disagreement with the award. This is insufficient to set aside the award under the applicable standards set forth herein.

The Arbitrator's Award is final and binding on the parties.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is to be reopened.

**IT IS FURTHER ORDERED** the Final Award of the Arbitrator is confirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE